UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-83-HRW

ARLENE CYCA,                                                                                  PLAINTIFF,

v.                        MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on June 30, 2002 alleging disability beginning on March 27, 2001, due to pain in both hands and shoulders, breathing problems, weight gain, increased blood pressure, depression and carpal tunnel

syndrome (Tr. 100, 128-129). This application was denied initially and on reconsideration. On August 8, 2003, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff testified as did Melissa Glannon, a vocational expert (hereinafter "VE").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 10, 2003, the ALJ issued his decision finding that Plaintiff

was not disabled (Tr. 17-25). Plaintiff was 52 years old at the time of the hearing decision. She has a GED and an associate degree in general education. Her past relevant work experience consists of work as a certified nursing assistant, bakery worker and nurses' aide.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23). The ALJ then determined, at Step 2, that Plaintiff suffered from obesity and asthma, which he found to be "severe" within the meaning of the Regulations (Tr. 24). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listing 3.00 (Tr. 20). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 24) but determined that she has the following residual functional capacity ("RFC"):

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently with standing/walking/sitting six hours total in a workday. Non-extertionally, she may only occasionally climb ramps/stairs, kneel or crouch and should never climb ladders. She should avoid extreme cold/heat, fumes, odors and gases.

(Tr. 24).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded

3

that the Plaintiff could perform a significant range of light work, such as office clerk, cashier and assembler (Tr. 24). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 25, 2005 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not property evaluate the evidence from treating sources, (2) the ALJ failed to properly assess Plaintiff's credibility and (3) the ALJ failed to fully develop the case.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not property evaluate the evidence from treating sources Robert Fluskey, D.C. and Alexander Tikhtman, M.D.

The regulations provide that a treating physician's opinion will not be given

controlling weight unless it is "well -supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified. Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993).

Claimant asserts the ALJ did not give sufficient weight to her chiropractor's, Robert Fluskey, report. The ALJ specifically pointed out that Dr. Fluskey's assessment was not supported by the treatment notes or the record as a whole. The ALJ gave numerous appropriate reasons to support the finding that Dr. Fluskey's findings were entitled to little weight. For example, the ALJ pointed out that as chiropractor is not considered a medical source. The ALJ also noted that another treating source, Dr. Donald Blair, whom Plaintiff testified has been treating her for 18-20 years, noted that Plaintiff's prognosis was excellent (Tr. 22). As for Dr. Fluskey's statement that Plaintiff is "disabled," the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968,

973 (6th Cir. 1984).  The Court finds that the ALJ stated acceptable reasons for finding the treating chiropractor's assessment less than fully credible and for discounting the restrictions and his finding of total disability.

With regard to Dr. Tikhtman's opinion that Plaintiff is "disabled from all work," (Tr. 528), it was not before the ALJ when he made his decision.  Dr. Tikhtman rendered his opinion in March 2005, over two years after the ALJ's decision.  As such, the Court may only consider this evidence to determine whether the case should be remanded to the Commissioner for further review under sentence six of 42 U.S.C. § 405(g), which provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g).  However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level.  *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984).  While it is not, generally, difficult for a party

seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, there is no dispute that the evidence submitted is new in that it was not in existence at the time of the administrative hearing. However, Plaintiff has failed to show that the new evidence is material. In order to meet her burden as to materiality, Plaintiff "must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Dr. Tikhtman's opinions are no different than those of Plaintiff's chiropractor, which were, as discussed above, properly rejected by the ALJ. Plaintiff offers no argument as to why or how Dr. Tikhtman's report would prompt the ALJ to find her disabled. Thus, the Court finds no cause for remanding this matter for the consideration of new evidence.

Plaintiff's second claim of error is that the ALJ failed to properly assess Plaintiff's credibility. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Upon review, this Court is limited to evaluating whether or not the ALJ's explanations

for partially discrediting the Plaintiff are reasonable and supported by substantial evidence in the record.

In this case, the ALJ found Plaintiff's credibility to be "poor" (Tr. 21) and unsupported by the record. For example, the ALJ noted that although Plaintiff testified that she has spasms in neck which cause numbness in her arms, on consultative examination, Dr. Bobby Kidd found no tenderness or muscle spasms in her spine with full range of motion, that there was no atrophy in her hands and that was able to write and pick up coins with both hands without difficulty (Tr. 21, 250-253). The ALJ further noted that despite complaints of a "bad memory," Plaintiff's treating physician, Dr. Blair reported that Plaintiff had no complaints of problems with concentration (Tr. 21).

Moreover, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a wide variety of household and other daily activities. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). In this case, at the administrative hearing, Plaintiff testified that she takes of her personal needs, drives her daughter to school, washes dishes, vacuums, does laundry and goes grocery shopping (Tr. 609-615). This

level of activity belies assertions of disabling impairment.

Given the inconsistent and contradictory evidence, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole. Thus, the ALJ was correct in not adding Plaintiff's proffered limitations in the hypothetical question to the VE.

Finally, Plaintiff maintains that the ALJ failed to fully develop the case. Plaintff makes much of the ALJ's comment that several of Plaintiff's treating sources neglected to submit RFCs. As the Defendant states, Plaintiff appears to misunderstand the role of a physician's RFC in the ultimate determination of disability. As discussed above, it is the ALJ who makes a finding of disability. While a physician's opinion as to the RFC are to be considered and weighed, such statements are not determinative. *See*, 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 416. 913 (b), 416.927.  Further, Plaintiff has failed to demonstrate that the absence of am RFC from any particular source prejudiced her claim. The Court finds no error in the ALJ's treatment of this case. The record shows that the ALJ properly considered the relevant evidence and properly performed his duty as the trier of fact in resolving and conflicts in the evidence. Having reviewed the record, the Court finds the ALJ's decision to be supported by substantial evidence.

### III.  CONCLUSION

10

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 6, 2006.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge